IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Civil No. 22-284 |
| | ) |
| STEVEN BALDWIN, | ) |
| TARIIQ SIMMONS, | ) |
| ROBERT BLAKE, | ) |
| ROBERT MORRISEY, JR. | ) |

**Opinion on Pretrial Motions**

Defendants Steven Baldwin, Tariiq Simmons, Robert Blake, and Robert Morrisey, Jr. are charged together in Count One of an eight-count Indictment with Conspiracy to Commit Bank Fraud, in violation of 18 U.S.C. § 1344. Defendants Baldwin, Blake, and Morrisey are also charged separately with multiple counts of Uttering or Possessing a Forged and Counterfeit Security, in violation of 18 U.S.C. § 513(a) and (2) (Baldwin, Counts Two and Five; Blake; Counts Three and Four; and Morrisey, Counts Six, Seven, and Eight). Presently before the Court are four pretrial motions filed by Rodney Blake, and three pretrial motions filed by Steven Baldwin. Mr. Morrisey and Tariiq Simmons have joined in their codefendants' motions, while Mr. Blake has joined in Mr. Baldwin's motions.[1] The pretrial motions before the Court are as follows:

- Motion in Limine Pursuant to Rule 404, ECF No. 138 (**Blake**);
- Motion to Compel Preservation of Rough Notes, ECF No. 139, (**Blake**);
- Motion to Compel [pursuant to Federal Rule of Criminal Procedure 16(G)], ECF No. 140 (**Blake**)
- Motion to Compel Brady and Jencks Materials, ECF No. 141, (Blake);
- Motion to Produce Evidence that the Government Intends to Use Under Federal Rules of Evidence 404(b) and 609, ECF Nos. 143 & 147 (errata) (**Baldwin**);
- Motion for Discovery, ECF No. 144 (**Baldwin**); and
- Motion to Preserve Law Enforcement's Rough Notes, ECF No. 145 (**Baldwin**).

---

[1] While the Court refers to the filing Defendant in discussing the Motions, the Court's general rulings apply to all Defendants.

The government has filed an Omnibus Response to the Motions, to which Mr. Baldwin has filed a Reply.  ECF No. 153 & 154[2].  Each motion is addressed below, with the filing Defendant's name indicated in parentheses.

I.   **Motion to Produce Evidence that the Government Intends to Use Under Federal Rules of Evidence 404(b) and 609 (Baldwin)**

Mr. Baldwin requests that the Court issue an Order directing the government to provide to defense counsel a statement containing the nature, dates, and places of occurrences of any criminal offense or acts of misconduct that the government will attempt to prove at trial.  He also requests that the government be ordered to provide the purpose for which it will seek to admit such evidence.  Included in his request for the production of evidence is a request for a written list of alleged prior bad acts and/or criminal convictions the government seeks to admit into evidence in its case-in-chief, or which the government would use to attempt to impeach Mr. Baldwin[3] with if he testified, or with which the government intends to use as rebuttal evidence.

Rule 609 is titled "Impeachment by Evidence of a Criminal Conviction," and concerns "attacking a witness's character for truthfulness by evidence of a criminal conviction."  Fed. R. Evid. 609.  Rule 404(b) is titled "Other Crimes, Wrongs, or Acts," and specifies when such evidence is prohibited, when it is permitted, and the prosecution's obligations to notify the defense that it intends to introduce such evidence.  As to "Prohibited Uses," Rule 404(b)(1) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Fed. R. Evid. 404(b)(1).  With respect to "Permitted Uses," Rule 404(b)(2) provides that evidence of prior bad acts "may be admissible for another purpose, such as proving motive,

---

[2] Mr. Blake and Mr. Morrisey formally joined in Mr. Baldwin's Reply.  *See* ECF Nos. 155-157.
[3] Unless stated otherwise, the Opinion herein applies to all Defendants.

opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).  Rule 404(b)(3)'s notice requirements provide as follows:

> **(3) Notice in a Criminal Case**.  In a criminal case the prosecutor must:
>
> **(A)** provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;
>
> **(B)** articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and
>
> **(C)** do so in writing before trial – or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

Fed. R. Evid. 404(b)(3).

Mr. Baldwin sets forth a thorough review of the applicable rules with regard to the government's notice and timing obligations.  In its Response, the government states that it has not yet identified any specific bad acts and/or convictions it will seek to introduce at trial, but states that it intends to comply with its obligations and provide proper notice seven to ten days prior to trial, or as ordered by the Court.  Govt. Omnibus Resp. 3-4.

"Reasonable notice," depends on "the circumstances and complexity of the prosecution." *United States v. Johnson*, 218 F. Supp. 3d 454, 462 (W.D. Pa. 2016).  In general, courts have found that, "reasonable notice" under Rule 404(b) is in the range of seven to ten days or one to two weeks prior to trial.  *United States v. Long-Parham*, 183 F. Supp. 3d 746, 750 (W.D. Pa. 2016); *United States v. Buckner*, 2020 U.S. Dist. LEXIS 5485, at *14–15 (M.D. Pa. Jan. 13, 2020).  The Court notes there is recent precedent for ordering disclosure of such evidence thirty

days in advance of trial, depending on the circumstances and complexity of the case. *United States v. Coles*, 511 F. Supp. 3d 566, 593 (M.D. Pa. 2021).[4]

Here "the circumstances and complexity of the prosecution" concern a multi-defendant Bank Fraud scheme that has the possibility of numerous exhibits and witnesses. *Johnson*, 218 F. Supp. 3d at 462. Depending on the nature and amount of Rule 404(b) evidence the government intends to introduce in this multi-defendant case, there is the possibility that multiple Motions in Limine will be filed seeking to challenge the 404(b) evidence. Should the government anticipate that multiple challenges to its anticipated 404(b) evidence may be filed, the government is encouraged to provide such evidence far enough in advance of trial so as to limit the possibility of delay by way of evidentiary hearings or other challenges. At this time, the Court concludes that disclosure twenty-one days prior to trial will provide sufficient time for the defense to make effective use of the material, and to request an evidentiary hearing prior to trial if necessary. At an upcoming pretrial conference, counsel shall update the Court as to whether counsel have agreed on a different disclosure time. The government did not specifically respond to the request for disclosure of Rule 609 impeachment materials, however, disclosure twenty-one days prior to trial appears to be sufficient.

Accordingly, the Motion to Produce Evidence that the Government Intends to Use Under Federal Rules of Evidence 404(b) and 609 is GRANTED to the extent that the government will be ordered to disclose the relevant material twenty-one days prior to trial.

---

[4] In *Coles*, the District Court concluded: "Given the circumstances and complexity of this prosecution, and the anticipated volume of motions in limine, we will adopt [defendant's] proposal and order the government to notify all defendants whether it intends to offer evidence under Rule 404(b) or Rule 609(b) at least 30 days before trial." *United States v. Coles*, 511 F. Supp. 3d 566, 593 (M.D. Pa. 2021). The present case does ot appear to be so complex that 30 days' notice is necessary.

II.  **Motion in Limine Pursuant to Rule 404 (**Blake**)**

Mr. Blake seeks an Order prohibiting the government from introducing at trial any evidence of Mr. Blake's criminal convictions. Defense counsel describes Mr. Blake's prior convictions in Pennsylvania and Maryland and argues that introduction of such convictions is inconsistent with Rule 404(b)(1). The Court concludes that Mr. Blake's Motion is premature as the government has yet to indicate whether it intends to introduce Mr. Blake's convictions at trial and, if so, provide its statement of proper purpose. Should the government intend to introduce such evidence, Mr. Blake will be provided with an opportunity to challenge the use of such evidence at trial. Accordingly, Mr. Blake's Motion in Limine Pursuant to Rule 404 is DENIED without prejudice to being re-raised at the appropriate time, if necessary.

III.  **Motion to Compel** *Brady* **and Jencks Material** (Blake), **General Requests for Exculpatory and Impeachment Evidence** (Baldwin), **Specific Requests for Information Regarding a Witness's Cooperation** (Baldwin), **and Specific Requests for Impeachment Material** (Baldwin)[5]

In general, Defendants seek production of all exculpatory evidence, including all material and information that may be favorable to Defendants, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), all potential impeachment material pursuant to *Giglio v. United States*, 405 U.S. 150, 154 (1972), all potentially exculpatory material and potential impeachment material related to any actual or planned prosecution witness pursuant to the Jencks Act and related case law; and any "information relating to the criminal background of any prosecution witness" pursuant to *United States v. Perdomo*, 929 F.2d 967 (3d Cir. 1991) (addressing production of "information relating to the criminal background of any prosecution witness").

---

[5] Mr. Baldwin's requests for exculpatory and inculpatory material are contained within his Motion for Discovery. ECF No. 144.

A. **Applicable Legal Standards**

"In *Brady*, the Supreme Court held that due process required that [upon request] the government produce all "exculpatory" evidence, which includes both '[m]aterials ... that go to the heart of the defendant's guilt or innocence and materials that might affect the jury's judgment of the credibility of a crucial prosecution witness.'" *United States v. Ramos*, 27 F.3d 65, 68 (3d Cir. 1994) (quoting *United States v. Hill*, 976 F.2d 132, 134-35 (3d Cir. 1992)). Once a defendant makes a request for such materials, the government is obligated to disclose such exculpatory evidence, "in time for its effective use at trial." *United States v. Higgs*, 713 F.2d 39, 44 (3d Cir. 1983) ("No denial of due process occurs if Brady material is disclosed to [defendants] in time for its effective use at trial").

The Supreme Court in *Giglio* extended its ruling in *Brady* to encompass impeachment evidence relating to the credibility of a government witness. *Giglio*, 405 U.S. at 154. Any inducements or rewards given to government witnesses, including but not limited to money, grants of immunity, plea bargains, promises of leniency or recommendations thereof, or preferential treatment, would fall under impeachment evidence that must be disclosed under *Brady*. *See Higgs*, 713 F.2d at 43 ("Evidence that government witnesses have been granted immunity and/or leniency for their cooperation is clearly relevant on the issue of their credibility").

Pursuant to the Jencks Act, no statement or report made by a government witness or potential government witness "shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a). "After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement . . . of the witness

6

in the possession of the United States which relates to the subject matter as to which the witness has testified." 18 U.S.C. § 3500(b).

### B. *Brady/Giglio* and Exculpatory/Inculpatory Material

There is no indication that the government has not met its obligations under *Brady* or *Giglio*. In its Response, the government acknowledges its continuing obligation to provide Defendants with exculpatory material but argues that the request for disclosure at this point is premature. In Reply, Defendant Baldwin focuses on the need for prompt disclosure, citing the need for Defendants to make use of favorable information "'as to criminal liability on the charged offense(s) or mitigation of any punishment that may be imposed.'" Baldwin Reply, at 1-2 (quoting the Court's Due Process Protections Act standard Order).

Pursuant to *Brady*, and reaffirmed in *Higgs*, the government is obligated to disclose exculpatory material in time for its effective use at trial. *See Higgs*, 713 F.2d at 44. The Court's standard Pretrial Scheduling Order typically sets a date by which the government "shall provide defense counsel with copies of any *Brady/Giglio* impeachment materials not previously disclosed." That date is dependent, in part, on the circumstances of the case. As stated above, a disclosure date fourteen days prior to trial appears to be sufficient to permit the defense time to review the material and for the Court and the parties to hold an evidentiary hearing if necessary.

With respect to *Giglo* material, the Court notes that to provide impeachment material as to government witnesses at this time, because it would identify the witness, in some instances may potentially subject the witness to harassment or retaliation. Therefore, at this time, the Court will order the government to provide *Giglio* material in sufficient time for its effective use at trial so that it will not result in a delay of the trial or delay during the trial, while not prematurely identifying a government witness. While a time frame of fourteen days appears

7

sufficient, the government's judgment as to the protection of specific witnesses may require a disclosure time closer to the time the witness is to testify.

Accordingly, the request for production of exculpatory and impeachment material pursuant to *Giglio* and *Brady* is DENIED without prejudice with respect to the immediate disclosure of such material that the government is not legally obligated to disclose at this point.

The requests for said productions are GRANTED insofar as the government shall disclose exculpatory and impeachment material to the defense fourteen days prior to trial, so long as such time frame does not place a government witness in jeopardy.

### C. Jencks Act

By statute the government need not disclose Jencks material until after the witness has testified at trial. A court can encourage the government to provide the defense with Jencks Act materials in time to avoid unnecessary delays during trial, but in this case the government already intends to provide early disclosure. In the Court's standard Pretrial Scheduling Order, the government is encouraged to provide all Jencks Act materials prior to the final pretrial conference (which is typically held fourteen days before trial), or in the alternative, to provide such materials in sufficient time to permit counsel to review the materials so as to eliminate the need for a delay in the trial. In its Response, the government states that it intends to disclose Jencks material sufficiently in advance of trial, so as to eliminate the need for a delay in the trial. Govt. Omnibus Resp. 4.

The Motion for Jencks Act material is GRANTED in that the government shall disclose all Jencks material in accordance with 18 U.S.C. § 3500(b) and the government is encouraged to provide such materials in advance of trial so as to avoid delay.

IV. **Motion for Discovery [to Compel Rule 16(a)(1) Materials] (**Baldwin**) and Motion to Compel [Rule 16(a)(1)(G) Material] (**Blake**)**

Defendants request that the government turn over materials subject to discovery under Rule 16(a)(1), including Defendant's statements, physical and documentary evidence, reports of examinations and tests, and expert witness information.

"Rule 16 of the Federal Rules of Criminal Procedure delineates the categories of information to which defendants are entitled in pretrial discovery in criminal cases, with some additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution." *Ramos*, 27 F.3d at 68. Federal Rule of Criminal Procedure 16(a)(1) requires the government, when requested by defendant, to disclose, within proscribed limits, the defendant's oral, written, or recorded statement (Rule 16(a)(1)(A) & (B)) and the defendant's prior record (Rule 16(a)(1)(D)). In addition, pursuant to Rule 16(a)(1)(E) ("Documents and Objects"), upon the defendant's request, "the government must permit a defendant to inspect and to copy or photograph" said documents and objects as set forth in the Rule. Fed. R. Crim. P. 16(a)(1)(E). Similarly, when requested by defendant, the government must also permit the inspection, copying, or photographing of results or reports of any physical or mental examinations and scientific tests or experiments. Fed. R. Crim. P. 16(a)(1)(F). Finally, when requested, "the government must give to the defendant a written summary of any [expert] testimony that the government intends to use, ... during its case-in-chief at trial," and the written summary "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. P. Rule 16(a)(1)(G). The government remains under a continuing duty to disclose any additional evidence it discovers. Fed. R. Crim. P. 16(c).

These Rule 16 obligations are subject to the limitation that the requested materials be within the government's possession, custody, or control. In addition, for Rules 16(a)(1)(B), (D),

and (F), the government is obligated to disclose materials that it knows or through due diligence could know. For Rules 16(a)(1)(A), (F), and (G), discoverable material is only that which the government intends to use at trial. Rule 16(a)(2) further specifies that unless Rule 16(a)(1) provides otherwise, "this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." Fed. R. Crim. P. 16(a)(2).

The government states that it has already made "substantial productions" pursuant to Rule 16.  Omnibus Resp. 2.  With respect to expert information and materials pursuant to Rule 16(a)(1)(G), the government acknowledges its obligations and intends to comply with any disclosure deadlines for said Rule set by Order of the Court.[6]  *Id.* at 4-5.  Finally, in general, the government indicates that it intends to adhere to its obligations to produce Rule 16 discovery as it is discovered, or, at the appropriate times.

There being no indication that the government has not met its obligations under Rule 16 at this time, the Motions seeking Rule 16(a)(1) discovery materials will be denied without prejudice.  As to the production of Rule 16(a)(1)(G) expert material, the Court is cognizant that such material must be turned over "sufficiently before trial to provide a fair opportunity for the defendant to meet the government's evidence." Fed. R. Crim. Proc. 16(a)(1)(G).  With this in mind, the Court will grant the Motion to Compel expert material and order the government to produce expert materials fourteen days prior to trial.

---

[6] Subsection (ii) of Rule 16(a)(1)(G) provides that the "court, by order or local rule, must set a time for the government to make its disclosures. The time must be sufficiently before trial to provide a fair opportunity for the defendant to meet the government's evidence."  Fed. R. Crim. Proc. 16(a)(1)(G)(ii).

Accordingly, as explained in this section, the Motion for Discovery (ECF No. 144) is DENIED without prejudice and the Motion to Compel (ECF No. 140) is GRANTED in that the government shall produce expert materials fourteen days prior to trial.

## V. Motion to Compel Preservation of Rough Notes (Blake) and Motion to Preserve Law Enforcement's Rough Notes (Baldwin)

Defendants request that the Court order all government agents and state and local law enforcement officers who participated in the investigation of this case, and in the arrest and questioning of a Defendant, to retain and preserve their rough notes and writings.

The United States Court of Appeals for the Third Circuit requires the government to retain rough notes and writings. In *United States v. Vella*, 562 F.2d 275 (1977) the Court of Appeals held that "rough interview notes of [law enforcement officers] should be kept and produced so that the trial court can determine whether the notes should be made available to the defendant under the rule in" *Brady*, 373 U.S. 83 or the Jencks Act. *Id.* at 276. In *United States v. Ammar*, 714 F.2d 238 (3d Cir. 1983), the Court of Appeals expanded the category of what must be retained to include rough reports; holding that "the government must retain and, upon motion, make available to the district court both the rough notes and the drafts of reports of its agents to facilitate the district court's determination whether they should be produced." *Id.* at 259. In *Ammar*, the Court acknowledged that a rough draft is not necessarily a Jencks Act statement until it is refined to the point where a finding can be made that the witness has "adopted or approved" the rough draft as a statement, such as where a law enforcement official presents a handwritten draft to a supervisor. *Id.*

The government does not object to granting the request for preservation of rough notes and writings, as it states it is aware of its obligations under *Vella*, 562 F.2d at 276 (holding that "rough interview notes of [law enforcement officers] should be kept and produced so that the

trial court can determine whether the notes should be made available to the defendant under" *Brady*, the Jencks Act, and *Ammar*). However, the government notes that local law enforcement officers were involved in the investigation before federal charges were filed. Thus, the government had no control over local law enforcement during the early stages of the investigation. The government states it will instruct local law enforcement to retain and preserve their rough notes.

Accordingly, the Motion to Compel and Preserve Law Enforcement's Rough Notes (ECF No. 139) is GRANTED as to the preservation and retention of rough notes and the Motion to Preserve Law Enforcement's Rough Notes (ECF No. 145) is GRANTED as to the preservation and retention of rough notes. The government is ordered to preserve rough notes consistent with this Opinion and its obligations under *Vella* and *Ammar*.

## VI.     Conclusion

For the reasons explained above, the Motions filed by Baldwin and Blake, and joined in by Simmons and Morrisey, are resolved as follows:

1. The Motion to Produce Evidence that the Government Intends to Use Under Federal Rules of Evidence 404(b) and 609 is GRANTED. The government shall disclose the relevant material twenty-one days prior to trial.

2. Mr. Blake's Motion in Limine Pursuant to Rule 404 is DENIED without prejudice.

3. The Motion to Compel *Brady* and *Giglio* materials and the Motion for Production of Exculpatory and Impeachment Evidence and Information Regarding a Witness's Cooperation, are DENIED without prejudice with respect to the immediate disclosure of such material and with respect to material that the government is not legally obligated to disclose at this point.

4. The Motion to Compel *Brady* and *Giglio* materials and the Motion for Production of Exculpatory and Impeachment Evidence and Information Regarding a Witness's Cooperation, are GRANTED insofar as the government shall disclose exculpatory and impeachment material to the defense fourteen days prior to trial, so long as such time frame does not place a government witness in jeopardy.

5.  The Motion for Jencks Act material is GRANTED in that the government shall disclose all Jencks material in accordance with 18 U.S.C. § 3500(b) and the government is encouraged to provide such materials in advance of trial so as to avoid delay.

6.  The Motion for [Rule 16] and related Discovery is DENIED without prejudice.

7.  Motion to Compel [Rule 16(a)(1)(G) Material] is GRANTED only to the extent that the Court orders the government to produce expert materials fourteen days prior to trail.  The Motion is otherwise DENIED without prejudice.

8.  The Motion to Compel Preservation of Rough Notes and the Motion to Preserve Law Enforcement's Rough Notes, are GRANTED as to the preservation and retention of rough notes.

Dated: <u>March 8, 2023</u>

                                                          Marilyn J. Horan
                                                         United States District Court Judge